UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERSON COUNTY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-cv-1539-MTS |
| DANNIE E. WILLIAMS, M.D., *et al.*, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Remand, Doc. [36]. On August 1, 2018, Plaintiff filed its initial Petition in the Twenty-Second Judicial Circuit Court of Missouri in the City of St. Louis ("22nd Judicial Circuit").[1] Doc. [9]. Plaintiff then filed a First Amended Petition, Doc. [11], on October 21, 2019, and a Second Amended Petition, Doc. [13], on June 15, 2020. On December 1, 2023, more than three years later, Defendants filed their Notice of Removal seeking removal pursuant to 28 U.S.C. §§ 1442(a), (hereinafter "the federal officer removal statute") and 1446(b)(3). Doc. [6]. Now, Plaintiff seeks remand to state court. For the reasons that follow, the Court will grant Plaintiff's Motion to Remand.

## Background

Between 2013 and 2017, Plaintiff Jefferson County incurred 324 deaths, 1,941 emergency room visits, and other alleged costs including harm to law enforcement, prosecution, prisons, addiction treatment, and elsewhere, due to the alleged abuse, "misbranding," and "overabundance" of opioids. Doc. [13] at 1, ¶ 1. It is Plaintiff's position that, absent these preferences, the opioids "would not have entered the marketplace." *Id.* ¶ 683. As a result, on January 29, 2019, Plaintiff

---

[1] On December 20, 2019, the 22nd Judicial Circuit ordered a change of venue, Doc. [12], from the Circuit Court of the City of St. Louis to the Jefferson County Circuit Court, the Twenty-Third Judicial Circuit of Missouri.

filed this action along with twenty cities and counties to recover the "public costs" incurred in combatting the opioid epidemic.  Doc. [13] ¶ 683; Doc. [6] ¶ 12.  At the time of filing, Plaintiff named numerous parties as Defendants including opioid manufacturers, distributors, retail pharmacies, and pharmacy benefit managers ("PBMs").  Doc. [13] at 1.  Following Plaintiff's filing, then-Defendant CVS Pharmacy, Inc., removed the case to this Court under 28 U.S.C. § 1332(d), the Class Action Fairness Act.  Doc. [6] ¶ 12.[2]  The case was then transferred to the federal Opioid Multidistrict Litigation ("MDL"), but, on July 24, 2019, the presiding judge "severed and remanded the Jefferson County and Franklin County cases to Missouri state court."[3] Doc. [6] ¶13; *In re: National Prescription Opiate Litigation*, 1:17-md-2804-DAP, ECF No. 1987 (N.D. Ohio, July 22, 2019).  However, prior to the severance and remand, several Defendants, to no avail, joined in an Objection to Sever and Remand, *see id.* at ECF No. 1931, including Express Scripts, Inc. and OptumRx, Inc.

At present, only Express Scripts, Inc., ("Express Scripts") and OptumRx, Inc., ("OptumRx") remain as Defendants (collectively, "the Defendants" or "the PBM Defendants"). Express Scripts and OptumRx are PBMs that act as "gatekeepers" by "negotiat[ing] with drug manufacturers to offer preferred drug formulary[4] placement for the manufacturers' drugs" and establish reimbursement rates for the drugs dispensed.  Doc. [13] ¶ 665.  However, Plaintiff alleges that these PBMs, through formularies and pricing strategies, are "driving patients to opioids" and

---

[2] Although not included in the Second Amended Petition, the facts provided within the Notice of Removal may also be referenced by the Court in its review.  *See Macaulay v. St. Louis BOA Plaza, LLC*, 4:21-cv-476-SRC, 2021 WL 3472632, at *2 (E.D. Mo. Aug. 6, 2021) ("'[A] defendant's notice of removal need include only a plausible allegation' that the jurisdictional requirements are satisfied." (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014))).

[3] The presiding judge acknowledged that two Missouri state court judges contacted him and requested these cases be remanded.  Doc. [6] ¶ 13.  One of the requesting judges wrote a letter requesting that the Jefferson and Franklin County cases, specifically, be remanded to the 22nd Judicial Circuit.  *Id.*

[4] A formulary is a "list of prescription drugs covered by a prescription drug plan or another insurance plan offering prescription drug benefits."  *See Formulary*, HealthCare.gov (last visited March 8, 2024), https://www.healthcare.gov/glossary/formulary/.

2

"away from" abuse-deterrent and less addictive forms of opiates. *Id.* ¶ 707. In addition to providing PBM services through mail order pharmacies, Defendants are also engaged in providing PBM services to federal agencies. *Id.* ¶ 667; Doc. [6] ¶¶ 10-11. For example, Express Scripts has contracted with the Department of Defense ("DoD") to provide services to its TRICARE[5] plan and the Federal Employee Health Benefits Plan ("FEHBP") overseen by the Office of Personnel Management ("OPM"). Doc. [6] ¶ 10. OptumRx is also under contract to provide PBM services to the Veterans Health Administration ("VHA"). *Id.* ¶ 11.

In its Second Amended Petition, Plaintiff alleges Defendants contributed to the opioid crisis by "controlling which pain medications reach[ed] the marketplace" through the design of their formulary. Doc. [13] ¶¶ 665, 713. Plaintiff also claims Express Scripts and OptumRx derive substantial revenue as PBMs and utilize their formularies to grant "preferred alternative status" to OxyContin and morphine over less addictive opioids. Doc. [13] ¶¶ 670, 679; Doc. [6] ¶ 12.

In their requests for discovery, Defendants sent interrogatories to Plaintiff on the scope of its claims. Specifically, Defendants inquired whether the claims are related to Defendants' contractual services to federal health plans. Doc. [6] ¶¶ 18-20. In response to OptumRx's Interrogatory Nos. 11 and 12, Plaintiff provided Defendants with what has been labeled as the "Red Flag Analysis," which identified the prescription claims on which Plaintiff relied in its case.[6] *Id.* ¶ 21. Plaintiff continued to identify the claims relied on in subsequent Red Flag Analyses, including the Sixth Red Flag Analysis served on February 14, 2022, which contained 9,326 prescription claims adjudicated by Express Scripts on behalf of the DoD for TRICARE.[7] *Id.* ¶ 23.

---

[5] TRICARE is a DoD health-care program that "covers active-duty service members and veteran retirees." Doc. [6] ¶ 10.
[6] More specifically, the Red Flag Analysis identifies "the alleged indicators or warning signs that the County contends could suggest problematic prescriptions." Doc. [6] ¶ 21.
[7] Defendant's Notice of Removal, Doc. [6], details that Plaintiff served the Sixth Red Flag Analysis on February 3rd, before sending "formal notice" that it was withdrawing the February 3rd version. Doc. [6] ¶ 23. Then, the Notice of Removal continues to state that the County served a revised Red Flag Analysis on February 14th. *Id.* ¶ 24. Contrary

Although the Sixth Red Flag Analysis was later revised on February 14, 2022 to omit the TRICARE claims, the inclusion of the federal prescription claims, in Defendants' view, suggested Plaintiff was seeking to establish liability for federal prescription claims. *Id.* ¶¶ 24-25. As a result, on March 10, 2022, Defendants notified Plaintiff of their intent to remove the action to federal court, unless Plaintiff stipulated that it would "withdraw[] all challenges to federal prescription claims and [] not seek recovery" based on the federal prescription claims. *Id.* ¶ 25. Plaintiff communicated its withdrawal in writing on March 11, 2022, but the parties memorialized Plaintiff's withdrawal from challenging the federal prescription claims in two separate Joint Stipulation and Consent Orders, the first of which was entered by the court on March 17, 2022.[8] *See id.* ¶ 25; Docs. [2-16], [2-17].

The first Joint Stipulation and Consent Decree ("the First Stipulation") provided that Plaintiff would not "now or any time in the future seek to establish liability" against Defendants in connection with any "Federal Plan."[9] Doc. [2-16] ¶ 2. Plaintiff then executed a second Joint Stipulation and Consent Decree (collectively, "the Stipulations") with OptumRx memorializing a similar guarantee.[10] *See* Doc. [2-17]. However, in the most recent Red Flag Analysis served on November 15, 2023, Plaintiff produced three expert reports discussing its theories of liability that failed to differentiate between federal and non-federal adjudicated prescription claims. Doc. [6] ¶¶ 35-36. Because federal prescription claims were included within the expert reports, and despite

---

to the Notice of Removal, the First Stipulation entered into between the parties states that "on February 14, 2022, Jefferson County served the PBM Defendants with responses to Interrogatories identifying the claims at issue. The PBMs have informed Jefferson County that those responses include federal prescription claims," signaling that the initial date of service allowing for removal was, in fact, February 14, 2022. Doc. [2-16] at 1.

[8] The parties entered into the first Joint Stipulation and Consent Order on March 16, 2022. The Stipulation itself is dated as ordered on March 17, 2022. *See* Doc. [2-16] at 3.

[9] The Stipulation defines a Federal Plan as "any health care plan that is fully or partially funded by the federal government, any plan that is administered by any federal agency, or any plan that is delegated for administration by any federal agency." Doc. [2-16] ¶ 1. These plans include TRICARE, Federal Employment Health Benefits Act ("FEHBA") plans, among others. *Id.*

[10] Both Stipulations were entered into the record and signed by the Hon. Judge Rathert.

the previous execution of the Stipulations, Defendants believe Plaintiff is now seeking to establish liability in relation to the federal prescription claims and removed the action to this Court.

## Discussion

**I.    Defendants' removal was untimely because they failed to remove the action within thirty days of the date the case was first ascertained to be removable.**

Federal courts are courts of limited jurisdiction. *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen*, 511 U.S. at 377). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). Typically, removal statutes are strictly construed, and "all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

The federal removal statute, 28 U.S.C. § 1446, provides that a defendant must file a notice of removal within thirty days after receipt of an "initial pleading setting forth the claim for relief for which such action of proceeding is based." 28 U.S.C. § 1446(b)(1). Congress created an exception for cases that are not removable as originally filed, 28 U.S.C. § 1446(b)(3), which states, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quoting 28 U.S.C. § 1446(b)(3)).

Here, following Plaintiff's filing of its initial pleading, the present action was removed to

5

federal court, and prior to any decision on severance or remand, Defendants Express Scripts and OptumRx joined in a collective objection to a request seeking to sever and remand Jefferson County's claims to state court.  *See In re National Prescription Opiate Litigation*, ECF. No. 1931. The filed objection necessarily meant Defendants maintained subject matter jurisdiction existed; that is, it implicitly communicated Defendants' belief that the initial pleading was, in fact, removable.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *4:20 Commc'ns, Inc. v. Paradigm, Co.*, 336 F.3d 775, 778 (8th Cir. 2003) (explaining "parties may not expand the limited jurisdiction of the federal courts by waiver or consent"); Fed. R. Civ. P. 11(b). Nonetheless, the federal judge presiding over the Opioid MDL severed and remanded the action, and in doing so, noted the "claim of federal jurisdiction" was "very tenuous" but did not make a jurisdictional finding.  *In re National Prescription Litigation*, ECF No. 1987 at 3.  Rather, he opted to "exercise [the court's] discretion to sever the claims" and remand them.  *Id.*; *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").  Though this case lacks a finding that "the initial pleading [wa]s not removable," and though Defendants signed on to an opposition to remand the initial pleading, Defendants did not include any analysis within its Notice of Removal or in its Memorandum in Opposition to the Motion to Remand showing that the initial pleading was not removable.

But even if the initial pleading was not removable, the Court agrees with Plaintiff that the case became removable, if ever, on February 14, 2022.  Defendants acknowledged the same in their Notice of Removal, as well as the First Stipulation entered between the parties.  *See* Doc. [6] ¶ 25 (arguing that the February 14, 2022 Sixth Red Flag Analysis "appeared to suggest that the

County was still seeking to hold the PBMs liable for prescription claims adjudicated or processed for other federal health plans"); *see also* Doc. [2-16] at 1 ("**WHEREAS**, on February 14, 2022, [Plaintiff] served the PBM Defendants with responses" that identified the claims at issue and included "federal prescription claims adjudicated or processed by the PBM Defendants"); *see also* Doc. [38-1] ("[B]ecause those February 14 responses show that the County challenges many different federal prescription claims, the PBM Defendants are entitled to remove").  As such, the PBM Defendants were entitled to remove the case to federal court.  It is of no moment that the County responded that it was "not challenging federal prescription PBM claims," Doc. [1] ¶ 26, or that more than thirty days after February 14th the state court entered a joint stipulation to that effect.

"A triggering document can only supply a basis for recommencing the thirty day period if from its receipt, 'it may first be ascertained that the case is or has become removable.'"  *Dahl*, 478 F.3d at 970 (quoting 28 U.S.C. § 1446(b)).  "The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 761 (11th Cir. 2010); *see also Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) ("[The] 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction.").  Here, the Sixth Red Flag Analysis, initially provided by Plaintiff to Defendants in response to OptumRx's Interrogatory Nos. 11 and 12, *see* Doc. [6] ¶ 21, are sufficient "other paper" for purposes of removal, and the Red Flag Analysis was served on the PBM Defendants by the Plaintiff on February 14, 2022.  *See Branham v. Hunter's View, Ltd.*, 4:11-cv-230-TCM, 2011 WL 1660559, at *2 (E.D. Mo. May 3, 2011) ("Documents found to be an 'other paper' for removal purposes consistently themselves contained information from which it could be reasonably

7

ascertained that the case was removable"); *see also State Farm Fire and Cas. Co. v. Valspar Corp., Inc.*, 824 F. Supp. 2d 923, 933 (D.S.D. Sept. 24, 2010) (finding that "notice of removability under § 1446(b) may be provided by answers to discovery requests").  However, the present situation is unique in that the Plaintiff attempted to withdraw the discovery and later, stipulated to withdraw all challenges to federally related prescription claims.  Neither the text of § 1446(b)(3), nor any case law briefed by the parties indicates that the start of the new thirty-day period for removal can be undone or cancelled once it has been "ascertained that the case is one which is or has become removable."

The U.S. Court of Appeals for the Eighth Circuit has determined that other timeliness requirements imposed by § 1446(b) are "procedural requirements, not jurisdictional ones."  *See Quintero Cmty. Ass'n Inc. v. F.D.I.C.*, 792 F.3d 1002, 1007 (8th Cir. 2015); *see also State Farm Fire and Cas. Co.*, 824 F. Supp. 2d at 938 (citing *Williams v. Safeco Ins. Co. of Am.*, 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999)).   "Time requirements in lawsuits between private litigants are customarily subject to 'equitable tolling.'" *Irwin v. Dep't of Veteran Affs.*, 498 U.S. 89, 95 (1990). But Defendants have failed to present an argument in which equitable tolling allows for removal here.  *Boyke v. Celadon Trucking Servs., Inc.*, 4:08-cv-01857-FRB, 2009 WL 1393870, at *3 (E.D. Mo. May 15, 2009) (finding that "no situation" demanded resolving the issue in the defendant's favor where the defendants "present[ed] no facts or argument . . . explaining why tolling or equitable remedy should apply").  To qualify for equitable tolling, a litigant "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Capiz-Fabian v. Barr*, 933 F.3d 1015, 1018 (8th Cir. 2019) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Eighth Circuit generally reserves the remedy of equitable tolling for circumstances that were "truly beyond the control" of

8

the plaintiff.  *See Capiz-Fabian*, 933 F.3d at 1018; *see also Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989).

Assuming without deciding that § 1446(b)(3)'s timeliness requirements for removal are capable of being tolled, here, the PBM Defendants have failed to meet either prerequisite for equitable tolling.  First, Defendants cannot be said to have diligently pursued their rights.  Defendants initially joined in objecting to this action being severed from the Opioid MDL.  This objection implicitly communicated Defendants' belief that the present action was, in fact, initially removable.  Then, removal was not contemplated again until the Defendants received the Sixth Red Flag Analysis.  Though they were, as they put it, "entitled to remove this case to federal court," Defendants elected to enter into a Stipulation rather than pursue removal.  Doc. [38-1] at 4.  As such, Defendants have not diligently pursued their right of removal to this Court.  Second, Defendants, in some aspects, contributed to the extraordinary circumstances present.  On February 14, 2022, Defendants received Plaintiff's Sixth Red Flag Analysis, which included both federal and non-federal prescription claims as a potential basis for liability.  Defendants acknowledged that the Sixth Red Flag Analysis clearly provided an avenue for removal when they notified Plaintiff of their intent to remove to this Court.  However, Defendants' subsequent decision to forego their right of removal, so long as Plaintiff withdrew all claims related to federal prescription claims and stipulated that it was not seeking liability for such claims, is a circumstance that was concocted by the PBM Defendants, themselves.  Defendants cannot then claim that removal was no longer available from circumstances beyond their control.  To allow tolling when Defendants initially supported this Court's jurisdiction, and later, willingly agreed to remain in state court following receipt of the Sixth Red Flag Analysis, would allow Defendants to have their cake and eat it too.  Therefore, here, equitable relief is not appropriate.

9

Even assuming the thirty-day period for removal in the present action was paused, the PBM Defendants' removal is still untimely. The thirty-day time limit for removal begins running when a plaintiff "explicitly discloses" she is seeking a remedy affording a basis for federal jurisdiction. *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1162 (8th Cir. 2013); *see also Patrico v. A.W. Chesterton Co.*, 4:14-cv-338-AGF, 2014 WL 2197779, at *3 (E.D. Mo. May 27, 2014) ("[T]he information supporting removal in . . . other paper must be unequivocally clear and certain to start the time limit running for a notice of removal under [§ 1446(b)]" (quoting *Bosky v. Kroger Tex., LP*, 288 F.3 208, 211 (5th Cir. 2002))). Here, Plaintiff served the Sixth Red Flag Analysis on the PBM Defendants on February 14, 2022. Doc. [2-16] at 1. The PBM Defendants understood the Sixth Red Flag Analysis as unequivocally clear and certain because shortly thereafter, on March 10, 2022, the PBM Defendants notified Plaintiff of their intent to remove the action, unless a stipulation was entered into among the parties. *Id.* Plaintiff notified Defendants that it was "not challenging federal prescription PBM claims" on March 11, 2022, and the First Stipulation was then executed on March 17, 2022. Doc. [6] ¶ 26; Doc. [2-16]. From February 14th to March 11th, Defendants had twenty-five days to remove the action.[11] If tolled, the time would seemingly begin to run again when Defendants received Plaintiff's expert reports on November 15, 2023—which failed to distinguish between federal and non-federal prescription claims. Then, following receipt of the reports, Defendants removed the action to this Court sixteen days later, on December 1, 2023. Doc. [1]. In sum, taking into account the initial twenty-five (or thirty-one) days, and the subsequent sixteen days before they filed their Notice of Removal, Defendants sought removal outside of the available thirty-day window. Thus, Defendants still failed to timely remove this action under § 1446(b)(3) even if equitable tolling were appropriate, and since "[r]emoval statutes

---

[11] This number inflates to thirty-one days if the tolling were to begin on March 17, 2022, the date the First Stipulation was entered by the Court.

10

are strictly construed," remand is warranted.[12]

Defendants failed to argue that this action was not initially removable, and their willingness to join in objection to severance implicitly communicates their acknowledgement of this Court's jurisdiction.  Nevertheless, Defendants also failed to remove the action within the required thirty-day window following receipt of other paper upon which it may first be ascertained the case is removable, the Sixth Red Flag Analysis in this instance.  Even in the event equitable tolling is available for § 1446(b)(3) removal upon receipt of other paper where circumstances as exhibited here are present, Defendants again failed to seek removal within the thirty-day period.  Therefore, the Court will grant Plaintiff's Motion to Remand.

## II. Fees and costs are not warranted.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has "considerable discretion" when determining whether an award of attorney fees is proper.  *Wells Fargo Bank W., Nat'l Ass'n v. Burns*, 100 F. App'x 599, 599 (8th Cir. 2004) (per curiam).  However, the standard for an award turns on the reasonableness of removal, and absent unusual circumstances, attorney fees should only be awarded where "the removing party lacked an objectively reasonable basis for seeking removal."  *Covenant Corp. v. City of North Little Rock*,

---

[12] Assuming, alternatively, that Defendants timely filed their Notice of Removal, this Court is unpersuaded that a causal connection is present to allow removal under 28 U.S.C. § 1442.  Rather, here, because Plaintiff disclaimed all challenges related to federal prescription claims in the Stipulations entered between the parties, the charged conduct only relates to non-federal prescription claims. *See Minn. by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 715-16 (8th Cir. 2023) (finding that because none of the plaintiff's claims seek to hold defendant liable for its federal production activities, the "relationship between [plaintiff's] claims and any federal authority" is "too tenuous to support removal" (citation omitted)); *see also People of the State of Cal. v. Eli Lilly & Co.*, 2:23-cv-1929-SPG-SK, 2023 WL 4269750, at *7 (C.D. Cal. June 28, 2023) (holding that the plaintiff's decision to disclaim any claims against the defendant for TRICARE and FEHBA health plans "negate[d] any causal nexus that might otherwise have existed between [p]laintiff's claims and the [defendants'] conduct on behalf of government officers"); *see also Ohio ex rel. Yost v. Ascent Health Servs., LLC*, 2:23-cv-1450, 2024 WL 23187, at *3 (S.D. Ohio Jan. 2, 2024) (explaining that where the plaintiff's disclaimer identifies it "does not challenge conduct related to TRICARE or FEHB," remand is appropriate).

784 F.3d 479, 483 (8th Cir. 2015) (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005)).  To determine whether an objectively reasonable basis for seeking removal is present, the court must consider the objective merits at the time of removal.  *Covenant Corp.*, 784 F.3d at 483.

Plaintiff contends that Defendants had "no business" removing the case, and the circumstances present support an award for the fees and costs incurred in seeking remand.  Doc. [53] at 7.  While the Court has determined remand is proper, objectively speaking, Defendants' attempt to remove through the federal officer removal statute was reasonable.  *See Oklahoma ex rel. Hunter v. McKesson Corp.*, 6:20-cv-0172-RAW, 2020 WL 5814161, at *1-2 (E.D. Okla. Sept. 14, 2020) (holding that, although defendant unsuccessfully sought removal under 28 U.S.C. § 1442 where plaintiff disavowed "all federal claims," the Court "[did] not find that [defendant] lacked any objective reasonable basis for seeking removal").

### Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [36], is **GRANTED**.  A separate Order of Remand will be entered after 12:00 p.m. on Friday, March 15, 2024, unless Defendants file a notice of appeal.

Dated this 8th day of March 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE